**SO ORDERED.**

**SIGNED this 05 day of December, 2008.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| MIRACLE CHRISTIAN INTERNATIONAL LIFE CENTER, | 08-03474-8-RDD |
| DEBTOR | |

**ORDER GRANTING OBJECTION TO APPLICATION FOR COMPENSATION**

Pending before the Court is the Application for First Interim Allowance of Attorney's Fees as Attorney for the Debtor (the "Application") and the Amendment to the Application for First Interim Allowance of Attorney's Fees as Attorney for the Debtor (the "Amendment") filed by Michael A Peavey, Esquire and the Response by the Bankruptcy Administrator to the Application for First Interim Allowance of Attorney's Fees as Attorney for the Debtor (the "Objection"). On November 17, 2008, the Court conducted a telephonic hearing on the Application and the Objection.

The Application requests approval of attorney's fees in the amount of $12,670.00, representing 41.60 hours at $300.00/hour for services provided by Michael Peavey, Esquire and 2.00 hours at $95.00/hour for paraprofessional services under the supervision of Mr. Peavey. In addition, the Application requests reimbursement of expenses in the amount of $1,092.25. The Amendment sets forth that certain information was omitted from the Application.

The Amendment states that prior to the filing of the bankruptcy case, Miracle Christian International Life Center (the "Debtor") paid Mr. Peavey a $10,000.00 retainer and the $1,039.00 filing fee. The Amendment states Mr. Peavey provided prepetition services in the amount of $6,150.00 and that he received payments in the amount of $6,146.00 towards those services. At the time of the filing of the Application and Amendment, Mr. Peavey is holding approximately $3,854.00 in escrow on behalf of the Debtor.

The Amendment also shows that the Debtor executed a future advance note and deed of trust. The deed of trust is listed as secured debt on Schedule D and lists the balance due as zero dollars. The Amendment states the information on Schedule D is inaccurate to the extent that there is a $4.00 balance due to Mr. Peavey for prepetition services. This balance should have been reflected on Schedule D.

The Bankruptcy Administrator objected to the Application and Amendment on the basis that the future advance deed of trust was not disclosed as part of Mr. Peavey's initial Application for Employment of Attorney.

At the hearing, Mr. Peavey stated that the Debtor listed the deed of trust in favor of him on Schedule D but that he did not disclose receipt of a deed of trust from the Debtor in his Application to Employ or the attached affidavit filed on May 22, 2008. Mr. Peavey informed the Court that the Debtor had, in fact, executed the deed of trust prior to the filing of the petition. However, Mr. Peavey did not record the deed of trust until a minute after the bankruptcy case was filed. The deed of trust is dated May 22, 2008 and was recorded at 3:04 p.m. The Chapter 11 case was filed on May 22, 2008 at 3:03 p.m.

Full disclosure in an application to employ and its accompanying affidavit is necessary for parties-in-interest, creditors, and the Court to make an assessment as to the possibility of conflicts of interest and whether or not an attorney holds an interest adverse to the estate. Without full disclosure, no one is able to make an accurate assessment of counsel's ability to be or remain disinterested. Section 327(a) of the Bankruptcy Code provides that an attorney may be employed so long as the applicant does "not hold or represent an interest adverse to the estate," and is a "disinterested" person. Section 101(14) provides that a "disinterested person" means a person that- (A) is not a creditor.

In addition to failing to disclose the existence of the deed of trust as part of his application for employment, the answers to the questions in the Debtor's Statement of Financial Affairs are not accurate. Question 9 of the Statement of Financial Affairs requires a debtor to"[ l]ist all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law..." In this case, the Debtor listed a payment on May 21, 2008, to Mr. Peavey of $11,039.00, including fees and costs. However, the Debtor failed to disclose that a deed of trust was executed and recorded on May 22, 2008 for the benefit of Mr. Peavey as security for present and future services in this bankruptcy case. The debtor further failed to disclose that $6,146.00 had been paid to Mr. Peavey for services rendered prior to filing from the retainer amount of $11,039.00, and that a retainer balance of $3,854.00 remained in trust for payment of attorney fees.

Although the Court believes that Mr. Peavey was not trying to mislead the Court, his failure to accurately reflect his relationship and fee arrangement with the Debtor in his Application to Employ, the affidavit of disinterestedness, and the Debtor's Statement of Financial Affairs constitute

serious omissions.  Solely scheduling the deed of trust granted to Mr. Peavey on Schedule D is insufficient to provide the appropriate disclosure that the Debtor transferred an interest in the property.  Schedule D does not detail the specifics of the transaction and in fact, schedules Mr. Peavey as a creditor holding a secured claim, which on its face raises an issue as to whether Mr. Peavey is "disinterested" as required by Sections 327(a) and 101(14).   Proper disclosure of the existence of the deed of trust, the application of the retainer funds and the amount remaining in trust should have been initially disclosed in Mr. Peavey's Application to Employ, his affidavit of disinterestedness and finally in the debtor's statement of financial affairs.

A violation of the disclosure rules alone suffices to support partial denial of compensation, regardless of whether an undisclosed fee arrangement is in fact materially adverse to the estate's interest.  *In re CF Holding Corp., 164 B. R 799(Bankr. D. Conn. 1994).*

Wherefore, based on the foregoing, the Court hereby partially **GRANTS** the Objection to the Application by reducing the requested fee by $3,000.00, and **ALLOWS** professional fees in the reduced amount of $9,670.00 as compensation for professional services rendered by Mr. Peavey for the period of May 15, 2008 through October 15, 2008, and **ALLOWS** reasonable expenses in the amount of $1,092.25 for reimbursement of actual and necessary costs and expenses incurred by Mr. Peavey on behalf of the Debtor from the  period of May 15, 2008 through October 15, 2008.  The remaining funds in trust in the amount of $3,854.00 may be applied to the allowed fees.

**SO ORDERED**.


**END OF DOCUMENT**